# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2022

Lyle W. Cayce
Clerk

No. 21-51089
Summary Calendar

---

Kenneth Newman, *Individually and on Behalf of All Others Similarly Situated*,

*Plaintiff—Appellee*,

*versus*

Plains All American Pipeline, L.P.,

*Defendant*,

Cypress Environmental Management-TIR, L.L.C.,

*Intervenor—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19–CV-244

---

Before Stewart, Clement, and Ho, *Circuit Judges*.

No. 21-51089

Per Curiam:[*]

Plaintiffs-Appellants are a putative class of inspectors who signed an employment agreement with Cypress Environmental Management-TIR, L.L.C. ("Cypress"), a pipeline-inspection staffing firm. That employment agreement contained an arbitration provision. Plaintiffs sued Plains All American Pipeline, L.P. ("Plains"), the client company to which Cypress staffed the Plaintiffs, for alleged Fair Labor Standards Act ("FLSA") violations. The inspectors did not sue Cypress, but the district court allowed it to voluntarily intervene. When Plains moved to compel arbitration under the Plaintiffs' employment agreement with Cypress, we affirmed the district court's denial of that motion. *Newman v. Plains All Am. Pipeline, L.P.* (*Newman I*), 23 F.4th 393 (5th Cir. 2022). In so holding, we rejected Plains's contention that the Plaintiffs agreed to arbitrate the question of the arbitration agreement's enforceability. That issue, we held, "remains a question for courts," not for arbitrators. *Id.* at 397–98. We also held that, because the Plaintiffs agreed to arbitrate with Cypress, they could not be forced to arbitrate their claims in the instant suit against Plains.

Here before us again are the Plaintiffs and Cypress, except this time Cypress has moved to compel arbitration of the inspectors' FLSA claims against Plains. We AFFIRM the district court's denial of that motion too.

## I

Cypress challenges the district court's denial of its motion to compel arbitration on three bases. It contends that the district court erred when it (1) rejected that Plaintiffs were required to arbitrate the applicability of their arbitration agreement to Plains, (2) concluded that Cypress was not an

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

aggrieved party, and (3) declined to apply the delegation clause, forum-selection clause, and scope provisions in the employment agreement to the Plaintiffs' dispute with Plains. "We review the denial of a motion to compel arbitration de novo." *Id.* at 398.

As to the first issue, we firmly answered this question in *Newman I*: "When a court decides whether an arbitration agreement exists, it necessarily decides its enforceability between parties." *Id.* Again, there is no distinction between those two questions, they are "two sides of the same coin." *Id.* Because the arbitration agreement that the Plaintiffs signed governs only employment disputes arising with Cypress, neither Plains nor Cypress can force the Plaintiffs to arbitrate the claims in this suit, which were brought against Plains.

As to the second issue, the district court did not err when it found that Cypress was not an aggrieved party under the arbitration agreement. Under the FAA, only an aggrieved party has the right to seek enforcement of the arbitration agreement. *See* 9 U.S.C. § 4. Cypress is not an aggrieved party because it was not "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." *Id.* There can be no dispute that the Plaintiffs signed an arbitration agreement only as to their claims against Cypress. Because Newman's FLSA claims are against Plains, the Plaintiffs have not violated the arbitration agreement and Cypress is not an aggrieved party.[1]

Finally, the district court correctly rejected application of the forum-selection clause, delegation clause, and scope provisions of the employment

---

[1] In its briefing, Cypress expressly forfeited reliance on either estoppel or third-party beneficiary theories. And even if it had not, we are bound by our previous holding that Plains could not establish application of third-party beneficiary or estoppel. *See Newman I*, 23 F.4th at 401–08.

No. 21-51089

agreement to the Plaintiffs' dispute with Plains.  Again, any dispute about whether the Plaintiffs must arbitrate with Plains is a dispute over the *existence* of an agreement to arbitrate with Plains, not over the scope provisions or delegation clause in the arbitration agreement.  *See Newman I*, 23 F.4th at 398 ("The parties cannot delegate disputes over the very *existence* of an arbitration agreement." (quoting *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 514 (5th Cir. 2019) (cleaned up)).  Similarly, because Cypress is not an aggrieved party, the forum-selection clause does not apply.

*       *       *

We AFFIRM.